483 So.2d 505 (1986)
GENERAL ACCIDENT INSURANCE COMPANY, Petitioner,
v.
BORG-WARNER ACCEPTANCE CORPORATION and Joseph J. Packal D/B/a Welcome Video & Electronics, Respondents.
No. 85-2539.
District Court of Appeal of Florida, Fourth District.
February 19, 1986.
David C. Willis of Neilson & Associates, Orlando, for petitioner.
James E. Tribble of Blackwell, Walker, Fascell & Hoehl, Miami, for respondent Borg-Warner.
David Jack Palgon of Engel & Palgon, P.A., Miami, for respondents Joseph J. Packal and Welcome Video & Electronics.
DOWNEY, Judge.
Following a series of alleged theft losses, Joseph J. Packal d/b/a Welcome Video & Electronics ceased making payments on its obligations to Borg-Warner, who held a security interest in Welcome Video's inventory. Welcome Video also filed a claim against General Accident for benefits under an insurance policy issued by General Accident. Following an extensive investigation of the circumstances surrounding the alleged thefts, General Accident declined to pay Welcome Video.
Borg-Warner then brought suit against Welcome Video, seeking payment under a promissory note and security agreement and against General Accident for benefits as a loss payee under the insurance policy. Welcome Video filed a cross-claim against General Accident for benefits under the insurance policy. Likewise, General Accident cross-claimed against Welcome Video for insurance fraud.
During the course of this litigation one of the parties scheduled the deposition of General Accident Insurance Company and demanded the production of its claim file pertaining to the loss involved in this suit. General Accident objected and sought a protective order, which gave rise to a trial court order for an in camera inspection of the claim file. The trial judge inadvertently forwarded the file to David J. Palgon, counsel for the insured, Joseph J. Packal *506 a/b/a Welcome Video & Electronics. Not realizing the file had been sent to him inadvertently, Palgon reviewed the file and discussed it with counsel for Borg-Warner. The trial court ultimately ruled that several portions of the file were work product, not subject to production for inspection.
Upon learning of the mistake, General Accident moved the court to disqualify or recuse counsel for Joseph J. Packal and Borg-Warner from the case on the grounds that they had acquired an unfair advantage by virtue of the inadvertent disclosure of General Accident's claim file and certain privileged documents. The trial court denied the motion and this petition for writ of common law certiorari resulted.
We have carefully considered the petition and responses filed by the parties and conclude that, in denying the motion to recuse, the trial court departed from the essential requirements of law which may result in prejudice that cannot be fully rectified by plenary appeal. While recognizing that disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly, Norton v. Tallahassee Memorial Hospital, 689 F.2d 938 (11th Cir.1982), we believe the prudent course in this case is to disqualify counsel. Like so many other ethical considerations in the practice of law, perceptions are of the utmost importance. Thus, how much of an advantage, if any, one party may gain over another we cannot measure. However, the possibility that such an advantage did accrue warrants resort to this drastic remedy for the sake of the appearance of justice, if not justice itself, and the public's interest in the integrity of the judicial process.
Nothing done in this case should in any way reflect upon counsel or the court. The occurrence was simply an unfortunate mistake.
Accordingly, we grant the petition for writ of certiorari and quash the order in question and remand the cause with directions to recuse counsel for Joseph Packal d/b/a Welcome Video and Borg-Warner from the case.
LETTS and WALDEN, JJ., concur.