# FIRST FIDELITY BANK, N.A., NEW JERSEY v PEGASUS RANCH, INC., et al.

## Case No. 88-293-CA

Nineteenth Judicial Circuit, Martin County

July 6, 1990

### APPEARANCES OF COUNSEL

**Marc B. Cohen, Esquire,** for defendants.

**George F. Bovie, III., Esquire,** for plaintiff.

**James Bledsoe, Jr., Esquire,** for plaintiff.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

This Motion presents significant issues relative to the appropriate

standard to be utilized in determining a Motion to Disqualify Counsel. Defendants, Pegasus Ranch, Inc., and William Ponsoldt move to disqualify the Evans Crary law firm from serving as co-counsel in the instant case. The basis for the Motion is the Crary firm's prior representation of the Defendants. Factually, it appears that the Crary firm represented Mr. Ponsoldt and several of his closely-held corporations, one of whom is Pegasus Ranch, Inc., from approximately 1984 until 1986. The representation included formation of Mr. Ponsoldt's closely-held corporations, including one of the named Defendants, Pegasus Ranch, Inc., by Mr. Lawrence Crary, a member of the firm. The record also reveals that Mr. Crary secured a line of credit for the Defendant, Pegasus, and was active in transactions involved Mr. Ponsoldt and his closely-held corporations. It should be emphasized that Mr. Ponsoldt and his closely-held corporations were engaged in relatively sophisticated transactions involving Arabian horses and real property. The record is clear that Mr. Crary was privy to those transactions and discussed them with Mr. Ponsoldt. The record reveals also that Mr. Ponsoldt discussed with Mr. Crary transactions with Sal Vergopia. Mr. Vergopia and the Plaintiff, First Fidelity, are the subjects of an Amended Counterclaim alleging that Vergopia and the Plaintiff entered into a modification of the promissory note that is the subject of this action. Mr. Crary very candidly and forthrightly testified that he had discussed Mr. Ponsoldt's relationship with Mr. Vergopia in a prior transaction concerning a trade of real property for Arabian horses. Mr. Vergopia was, on Plaintiff's own admission, arguably an agent for the Plaintiff. In addition, Mr. Crary was active in Defendant Ponsoldt's behalf in a sophisticated three million dollar real estate transaction. As noted earlier, Mr. Crary was extensively involved in both the affairs of Mr. Ponsoldt and his closely-held corporations, and his transactions with Mr. Vergopia, are inextricably intertwined with the subject matter of the pending action.

## II.—THE APPROPRIATE STANDARD TO BE APPLIED

It appears to the Court that two similar but differing tests for disqualification have been utilized. The first might be characterized as the substantial relation test and is the test generally used by the Federal Courts. Under the substantial relationship test, disqualification is appropriate if;

(1) The moving party is a former client of the adverse party's counsel,

(2) There is a substantial relationship between the subject matter of the counsel's prior representation and the issues in the present law suit, *and*

(3) The attorney whose disqualification is sought had access to or was

likely to have had access to relevant privileged information. *(U.S.F.L. v N.F.L.,* 605 Fed. Supp. 1448 at pg. 1452 and *Duncan v Merill Lynch,* 646 F.2d 1020 at pg. 1029.)* Proper application of this test requires a "painstaking analysis of the facts") (646 F.2d at 1029). To determine the precise nature of the relationship between the former and present representations, it is of course axiomatic that satisfaction of the test as to one member of a firm will necessitate disqualification of that firm in toto.

A second and less stringent test for disqualification appears to be employed by the Fourth and Third District Courts of Appeal. Under this approach, disqualification is appropriate if the facts indicate the appearance of impropriety. *(See Generally Gen. Acc. v Borg-Warner,* 483 So.2d 505 (Fla. 4th DCA 1986), and *Brent v Smathers,* 529 So.2d 1267 (Fla. 3d DCA 1988). Indeed, the Fourth District has uniformly held to this less stringent test since *Andrews v Allstate,* 366 So.2d 462 (Fla. 4th DCA 1978). Most recently, Judge Downey in *Gen. Acc.,* noted supra, stated "while recognizing that disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly, we believe the prudent course in this case is to disqualify counsel. Like so many other ethical considerations in the practice of law, perceptions are of the utmost importance." (483 So.2d at 506).

It is clear, therefore, that this Court authoritatively must follow Florida law on this issue.

Thus, in this Court's view, the continued participation of the Crary firm, on the facts before this Court, would create the appearance of impropriety. It should be emphasized that this Court has found no evidence, either express or implied, that would in any way suggest that the activities of the attorneys involved were in the least bit improper. Rather, the Court is constrained, in keeping with applicable case law, to refuse the firm in order to prevent the appearance of impropriety.

Quite another issue is presented by the Defendants' Motion to refuse the firm of Bledsoe and Schmidt. That firm has never provided legal services nor benefitted in the present case from its affiliation with the Crary firm. Any information revealed during the hearing is now a matter of public record and would be available to any successor firm. Their continued participation would not, in this Court's view, in any way create the appearance of impropriety.

Based on the foregoing, Defendants' Motion to refuse the Crary firm is GRANTED, and its Motion to refuse the Bledsoe firm is DENIED. IT IS SO ORDERED.

DONE and ORDERED in Chambers at Stuart, Martin County, Florida, this 6th day of July, 1990.