622 So.2d 613 (1993)
UNIVERSITY OF MIAMI and Gallagher Bassett Insurance Services, Inc., Appellants,
v.
Esta DANSKY and the Home Insurance Co., Appellees.
No. 93-29.
District Court of Appeal of Florida, First District.
August 12, 1993.
*614 Jerry Castiello, of Akerman, Senterfitt & Eidson, P.A., Miami, for petitioners.
Jeffrey I. Jacobs, of Malca & Prager, P.A., Coral Gables, for respondent/Dansky.
Andrew L. Richard, Jr., of Richard and Richard, Miami, for respondent/The Home Ins. Co.

ON MOTION FOR REHEARING
MINER, Judge.
In an unpublished order dated April 27, 1993, this court denied a petition for writ of certiorari filed by the University of Miami and Gallagher Bassett Services, Inc., to review the order of the judge of compensation claims denying their motion to disqualify attorney Andrew Richard from representing The Home Insurance Company in an action in which Home Insurance is seeking reimbursement from the University pursuant to section 440.42(3), Florida Statutes (1991). The University and Gallagher Bassett have now filed a motion for rehearing maintaining that our denial of their petition is in direct conflict with our earlier opinion in Junger Utility & Paving Co. v. Myers, 578 So.2d 1117 (Fla. 1st DCA 1989), the Florida Supreme Court's opinion in State Farm Mutual Insurance Co. v. K.A.W., 575 So.2d 630 (Fla. 1991), and Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979).
Further reflection persuades us that the above-referenced order was indeed improvidently entered. We are convinced that the record clearly reflects an attorney/client relationship existed between Andrew Richard and the University of Miami when Mr. Richard represented the University and its then carrier, The Home Insurance Company, in a workers' compensation settlement proceeding via section 440.20(12)(a), Florida Statutes (1989), involving claimant, Esta Dansky, and a 1989 compensable accident. As this court recognized in Junger:
To disqualify a private law firm from representing a party whose interests are adverse, the former client need show only that an attorney-client relationship existed, thereby giving rise to the irrefutable presumption that confidences were disclosed during the course of that relationship, and that the matter in which the law firm subsequently represented the interest adverse to the former client is the same matter or substantially similar to the matter in which it represented the former client. [footnote omitted]
578 So.2d at 1119 (emphasis added). In approving Junger, the Florida Supreme Court in K.A.W. acknowledged that:
[T]he need for the irrefutable presumption continues to exist, just as under the former code [of professional responsibility]. The presumption acknowledges the difficulty of proving that confidential information useful to the attorney's current client was given to the attorney. It also protects the client by not requiring disclosure of confidences previously given to the attorney.
575 So.2d at 634.
As petitioners point out, Andrew Richard presently is concurrently representing the *615 interests of the University of Miami and The Home Insurance Company with respect to the 1989 accident, as well as advancing exclusively the interests of The Home Insurance Company regarding a second claim stemming from a subsequent 1991 compensable accident involving the same claimant, Esta Dansky, and which gave rise to the instant claim for reimbursement. There is no question but that the nature of the present claim for reimbursement in which Andrew Richard is representing the interests of The Home Insurance Company adverse to the University will necessarily encompass the same matter or matter substantially similar to the matter in which he formerly represented the University. As observed by petitioners, Mr. Richard will be advancing the interests of The Home Insurance Company
which is best served by assessing as much blame as possible on the later date of accident, and thus on the University of Miami instead of on The Home Insurance Company. This is precisely what the University of Miami, Attorney Richard's concurrent client, does not want! If Attorney Richard is successful, the University of Miami could end up having to pay the Claimant additional monetary benefits. Additionally, Attorney Richard's actions could relieve Home Insurance Company of much  if not all  of its obligation to pay the Claimant's medical bills and transfer said obligations to the University of Miami, his concurrent "client" who seeks the opposite result and with whom he has had an attorney-client relationship.
Motion for Rehearing at pp. 3-4. As urged by petitioners, the conflict is "clear and unmistakable." Id. at p. 4. Thus, by virtue of the former attorney/client relationship, the irrefutable presumption that confidences were disclosed, and the identity of subject matter, it was incumbent upon the JCC to grant the University's motion to disqualify Mr. Richard from representing The Home Insurance Company.
Consequently, we grant the motion for rehearing, rescind the order denying the petition for writ of certiorari, and grant the petition. The JCC's order denying the motion for disqualification is hereby vacated, and the cause is remanded for further proceedings.
MICKLE, J., concurs.
SCHWARTZ, Associate Judge, dissents with opinion.
SCHWARTZ, ALAN R., Associate Judge (dissenting).
I respectfully dissent because the alleged conflict is entirely illusory. While, as the employer, the UM was a nominal party with respect to the first accident, Home, as the entity responsible for the compensation payments, was the only real party in interest. There is nothing wrong, therefore, in Richard's continuing to represent the carrier, which was at all times his only actual client, as to an issue which arose after the University became self-insured and concerning which they were only then genuine antagonists. Since the University has failed to demonstrate that it has been prejudiced in any meaningful way by that representation, the sole result of its position has been unnecessarily to delay the claimant's case against it  which is what it has been seeking below all along. In these circumstances, I believe both that the JCC properly exercised his discretion in concluding that disqualification was not required and that this court should not indulge a mere technicality by granting the extraordinary relief of certiorari. I would adhere to the initial decision to deny the petition.