658 So.2d 151 (1995)
ZARCO SUPPLY COMPANY, a Florida corporation, Appellant/Petitioner,
v.
Donna BONNELL, individually and as next friend and mother of Beth Waller, a minor, and Melissa Aubey Younghause, f/k/a Melissa Aubey, Appellees/Respondents.
No. 95-334.
District Court of Appeal of Florida, First District.
July 17, 1995.
Rehearing Denied August 23, 1995.
*152 Robert A. Bonner and Edward L. Fagan of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for appellant/petitioner.
Stanley Bruce Powell of Powell, Jones & Reid, Niceville and Powell, Powell & Powell, Crestview, for appellees/respondents.
LAWRENCE, Judge.
Zarco Supply Company (Zarco) seeks a writ of common law certiorari to review an interlocutory order denying its motion to disqualify two law firms representing the Respondents, plaintiffs in a personal injury action in the trial court. We grant the petition and vacate the order.
This negligence action arises out of a June 15, 1991 single-car accident in which a motor vehicle allegedly owned by Zarco and driven by its employee, Stephen Bonnell, ran off the road and overturned. Respondents are Bonnell's wife, their daughter, and their niece. They were passengers in the car driven by Bonnell. Within four months of the accident, Bonnell and the Respondents retained the law firm of Powell, Powell & Powell (Powell I) to represent them "in all matters surrounding" the car accident. Over two years later, however, the Powell I firm advised Bonnell it could no longer represent him, his wife or daughter in their personal injury claims arising out of the accident. According to the firm, Bonnell's decision not to pursue claims against Zarco prevented the firm from adequately representing the interests of his wife and daughter.[1]
About eight months later, the Powell I firm joined as co-counsel with the firm of Powell, Jones and Reid (Powell II) to file a negligence action on behalf of the Respondents for alleged injuries resulting from the car accident. The suit named Zarco and Bonnell as party defendants. Zarco filed a motion to disqualify both Powell firms. At the hearing held on the motion, Bonnell admitted he had discussed the facts of the accident with the Powell I firm. He also testified that the conflict with the Powell I firm was fully explained to him and he had expressly waived the conflict. The Respondents subsequently dismissed Bonnell as a *153 party defendant. The trial court then entered an order denying Zarco's motion for disqualification.
On appeal, Zarco argues that even if Bonnell consented to his former attorney's potential disclosure of confidences, Zarco nevertheless has standing to seek disqualification because of the irrefutably presumed unfair informational advantage that the Powell I firm gained by formerly representing Bonnell, and the fact that Zarco may be held vicariously liable under the dangerous instrumentality doctrine. Zarco further argues the Powell II firm is imputedly disqualified by its association with the Powell I firm. In turn, the Respondents argue Powell I's former client, Bonnell, is no longer a party to this case and that when he was a party, he expressly waived, after consultation, any alleged conflict that might have existed. In addition, Respondents argue that the information relating to Bonnell's alleged negligent operation of the car had become "generally known," so that no conflict was created under the rules.
Orders granting or denying motions to disqualify a party's attorney may be reviewed by certiorari. Transmark, U.S.A., Inc. v. State, Dep't of Ins., 631 So.2d 1112, 1115-1116 (Fla. 1st DCA), rev. denied, 639 So.2d 983 (Fla. 1994). In seeking such review, the movant must not only show the trial judge "departed from the essential requirements of law" but also that the harm resulting from the erroneous order is material and cannot be remedied on appeal from the final judgment or order. Id. at 1116 (citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla. 1987)).
Under the Rules Regulating the Florida Bar, attorneys owe a duty of confidentiality and loyalty to all their clients, including present and former co-clients. R. Regulating Fla.Bar 4-1.6(a), 4-1.7, 4-1.9, 4-2.2. Rule Regulating the Florida Bar 4-1.9 specifically addresses conflicts of interest with former clients, and provides:
A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(b) use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.
Review of this rule and its comments gives rise to two threshold questions: (1) whether the alleged conflict of interest has been waived given Bonnell's consent to his former firm's representation of his wife and daughter after consultation; and (2) whether Zarco has standing to assert a conflict of interest, especially now that Bonnell is no longer a party defendant in the suit. The answer to both questions is found in State Farm Mutual Automobile Insurance Co. v. K.A.W., 575 So.2d 630 (Fla. 1991).
In State Farm, Wilkerson was driving a rental car in which his wife and daughter were passengers when it was struck by another car. The Wilkersons retained the Schlesinger law firm to sue the driver and owner of the other car, and the Wilkersons' insurer for personal injuries they suffered in the accident. About two years later, the Schlesinger firm determined that Wilkerson may have been contributorily negligent. Wilkerson retained new counsel for himself, but consented to the Schlesinger firm's continued representation of his wife and daughter in the personal injury lawsuit. The Schlesinger firm filed an amended complaint on behalf of the wife and daughter, adding Wilkerson as a party defendant. The trial court denied the insurer's motion to disqualify the Schlesinger law firm. On appeal, the supreme court found that Wilkerson's consent to the firm's continued representation of his wife and daughter did not end the inquiry where Wilkerson was in a position adverse to his wife and daughter in theory only. The court found the action was really between the Wilkersons and the insurance carriers rather than between Wilkerson and his wife and daughter. The court also held the insurer had standing to seek disqualification of the Schlesinger firm, finding this to be one of those circumstances contemplated under the *154 rules where someone other than the former client may request disqualification.
The facts in the instant case are strikingly similar to those in State Farm. Thus, despite Bonnell's consent to the Powell I firm's continued representation of his wife and daughter, the alleged conflict of interest in this case has not been waived. Moreover, we find Zarco has standing to seek disqualification of the Respondents' counsel. Opposing counsel may seek disqualification where the conflict of interest clearly calls into question "the fair or efficient administration of justice." Comments to R. Regulating Fla. Bar 4-1.7 & 4-1.9; see also Kenn Air Corp. v. Gainesville-Alachua County Regional Airport Auth., 593 So.2d 1219, 1222 (Fla. 1st DCA 1992). In this case, Bonnell disclosed information and possible confidences to the Powell I firm during the course of their attorney-client relationship. The Powell I firm may use this information to show Bonnell was negligent. This position is directly adverse to Zarco, who as alleged owner of the car involved, may be held liable for Bonnell's negligence.
Having determined that Zarco has standing to seek disqualification, we now turn to the question of whether the trial court departed from the essential requirements of law in refusing to disqualify the two Powell firms. To disqualify counsel from representing a party whose interests are adverse to the former client, the movant must show: (1) there was an attorney-client relationship, thereby giving rise to the irrefutable presumption that confidences were disclosed to the attorney during the course of the relationship; and (2) the current subject matter is the same or substantially related to the matter in which the lawyer represented the former client. University of Miami v. Dansky, 622 So.2d 613, 614 (Fla. 1st DCA 1993) (citing Junger Util. & Paving Co., Inc. v. Myers, 578 So.2d 1117, 1119 (Fla. 1st DCA 1989)).
Applying this two-part test to this case, we find the trial court erred in refusing to grant the disqualification motion as to the Powell I firm. First, the record is clear that the Powell I firm had an attorney-client relationship with Bonnell in the personal injury action. Thus, an irrefutable presumption was created that confidences were disclosed. This unfair informational advantage which the Respondents have over Zarco will persist even though Bonnell is no longer a party defendant in the suit. Second, the subject matter of the negligence suit below is the same as the matter in which the Powell I firm formerly represented Bonnell. As both prongs of the test have been satisfied, the Powell I firm is disqualified.
We further find the Powell II firm to be disqualified. The confidential knowledge attributed to the Powell I firm due to its former representation of Bonnell may be imputed to the Powell II firm, co-counsel in the case. R. Regulating Fla. Bar 4-1.10(b).[2]
Having found the trial court's order departed from the essential requirements of law, we turn to the second requirement for granting a writ of certiorari  whether the erroneous order caused irreparable harm or harm that cannot be remedied on appeal. For interlocutory review by certiorari, it is not necessary to demonstrate actual prejudice in order to justify disqualification of opposing counsel. Junger Util. & Paving Co., Inc. v. Myers, 578 So.2d 1117, 1119 (Fla. 1st DCA 1989). In fact, the irrefutable presumption "acknowledges the difficulty of proving that confidential information useful to the attorney's current client was given." State Farm, 575 So.2d at 634. While both *155 Powell firms may not have engaged in any ethical misconduct, the "possibility of conflict of interest and the appearance of it are too strong to ignore." Id. (quoting Rotante v. Lawrence Hosp., 46 A.D.2d 199, 200, 361 N.Y.S.2d 372, 373 (1974)).
Accordingly, we GRANT the petition and VACATE the order denying the motion for disqualification as to both the Powell I and Powell II firms. On remand, we direct the trial court to enter an order granting the motion for disqualification as to both firms.
WEBSTER and MICKLE, JJ., concur.
NOTES
[1] The firm continued to represent the niece in a claim against Zarco and an insurance company.
[2] To the extent the two firms worked together to draft the complaint and bring the lawsuit, it appears illogical to assume the two firms have not exchanged confidential information. Thus, for purposes of analysis under rule 4-1.10(b), the two firms may be viewed as one "law firm." Rule 4-1.10(b) of the Rules Regulating the Florida Bar, governs imputed disqualifications, and provides in part:

When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, had previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) that is material to the matter.