682 So.2d 1160 (1996)
DOUBLE T CORPORATION, etc., et al., Petitioners,
v.
JALIS DEVELOPMENT, INC., etc., et al., Respondents.
No. 96-1472.
District Court of Appeal of Florida, Fifth District.
October 25, 1996.
Rehearing Denied November 20, 1996.
*1161 Robert A. DuChemin and Debra R. Bell, DuChemin & Associates, Orlando, for Petitioners.
Marc P. Ossinsky, Marc P. Ossinsky, P.A., Winter Park, for Respondent Jalis Development, Inc.
Harkley R. Thornton, Baker & Hostetler, Orlando, for Respondent Land Title & Survey.
No Appearance for other Respondents.
COBB, Judge.
Terry Rodgers and Double T Corporation, two defendants in the underlying civil action, seek certiorari review of an order which denied their motion for protective order and to disqualify plaintiff's counsel. Plaintiff, Jalis Development, Inc. filed an action against its partner in a joint venture, Real Income, Inc., and other defendants. Jalis' counsel gained access to Real Income's corporate files after Real Income filed for bankruptcy and its trustee waived the corporate attorney-client privilege. See Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). Prior to the bankruptcy, Rodgers, Double T, Real Income, and others agreed to joint legal representation in defending the suit brought by Jalis. As a result of the bankruptcy trustee's waiver of the attorney-client privilege, Jalis' counsel has received an informational advantage over the defendants who agreed to joint representation, as Real Income's corporate files include attorney-client communications regarding the pending civil litigation.
We grant the petition for writ of certiorari, as the trial court departed from the essential requirements of law in denying the motion for disqualification. See State Farm Mutual Automobile Insurance Co. v. K.A.W., 575 So.2d 630 (Fla.1991); Adelman v. Adelman, 561 So.2d 671 (Fla. 3d DCA 1990); General Accident Insurance Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986) (disqualification of counsel required where there is possibility that parties obtained an advantage against opposing party due to counsel's review of opposing party's claim file and privileged documents).
PETITION GRANTED; ORDER QUASHED.
GOSHORN, J., concurs.
GRIFFIN, J., dissents, without opinion.