724 So.2d 572 (1998)
ABAMAR HOUSING AND DEVELOPMENT, INC., d/b/a "Abamar-BB," Federal Insurance Company, American Home Assurance Company and Balfour Beatty, Inc., Petitioners,
v.
LISA DALY LADY DECOR, INC. and Republic Western Insurance Company, Respondents.
No. 98-888.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Rehearing Denied December 4, 1998.
As Corrected on Denial of Rehearing December 4, 1998.
*573 Moye, O'Brien, O'Rourke, Hogan & Pickert, P.A., and James E. Moye and Bryan L. Capps, Orlando, for petitioners.
Katz, Barron, Squitero, Faust & Berman and John R. Squitero, Miami; Herbert Stettin, P.A., Miami; Richard Hyland; and William C. Hearon, P.A., Miami, for respondents.
Before LEVY, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.

On Petition for Writ of Certiorari Granted
Defendants petition for certiorari review of a trial court order vacating a previous court order disqualifying plaintiffs' attorneys. We grant certiorari and quash the order under review.
The facts underlying this case are detailed in Abamar Housing & Dev., Inc. v. Lisa Daly Lady Decor, Inc., 698 So.2d 276 (Fla. 3d DCA 1997), which was issued on June 25, 1997. Plaintiffs, respondents in that case, filed a motion for rehearing in this court on July 10, 1997; the motion was denied on September 10, 1997 and mandate issued on September 26. In September 1997, defendants moved the trial court to disqualify plaintiffs' counsel.[1] However, the court deferred ruling on the motion pending the Florida Supreme Court's disposition of plaintiffs' October 9 petition for discretionary review. The supreme court denied review on December 30, 1997. Lisa Daly Lady Decor, Inc. v. Abamar Housing & Dev., Inc., 704 So.2d 520 (Fla.1997)(denying review). Thereafter, on February 19, 1998, the trial court granted the defendants' motion and disqualified plaintiffs' counsel. Upon plaintiffs' motion for reconsideration, the court issued an order vacating the disqualification order.
Although plaintiffs correctly assert that the trial court has authority to revisit its previous orders prior to entry of a judgment, Kienzle v. Kienzle, 556 So.2d 1173 (Fla. 3d DCA 1990); Bettez v. City of Miami, 510 So.2d 1242 (Fla. 3d DCA 1987); Margulies v. Levy, 439 So.2d 336 (Fla. 3d DCA 1983), in vacating its prior order and denying the motion to disqualify, the trial court departed from the essential requirements of law resulting in prejudice that can't be remedied on appeal. Double T Corp. v. Jalis Dev., Inc., 682 So.2d 1160 (Fla. 5th DCA 1996); Zarco Supply Co. v. Bonnell, 658 So.2d 151 (Fla. 1st DCA 1995); General Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986).
The receipt of privileged documents is grounds for disqualification of the attorney receiving the documents based on the unfair tactical advantage such disclosure provides. General Accident Ins. Co.. Moreover, contrary to plaintiffs' argument, on certiorari review a movant is "not required to demonstrate specific prejudice in order to justify disqualification." Junger Utility & Paving Co., Inc. v. Myers, 578 So.2d 1117, 1119 (Fla. 1st DCA 1989); Zarco Supply Co. 658 So.2d at 154.
While recognizing that disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly, we believe the prudent course in this *574 case is to disqualify counsel. Like so many other ethical considerations in the practice of law, perceptions are of the utmost importance. Thus, how much of an advantage, if any, one party may gain over another we cannot measure. However, the possibility that such an advantage did accrue warrants resort to this drastic remedy for the sake of the appearance of justice, if not justice itself, and the public's interest in the integrity of the judicial process.
General Accident Ins. Co., 483 So.2d at 506 (citations omitted).
Defendants' motion adequately set forth the requirements for disqualification. This case demonstrates the effects of the inadvertent disclosure, the plaintiffs' recalcitrance in rectifying the disclosure, and the unfair tactical advantage gained from such disclosure. There was no requirement to demonstrate prejudice. In view of the foregoing, we hold that the court departed from the essential requirements of law in vacating the order of disqualification.[2] On remand, the trial court shall enter an order granting the motion to disqualify.
Certiorari granted; order quashed; cause remanded.
LEVY, GODERICH and SHEVIN, JJ., concur.
NOTES
[1] We are unpersuaded by plaintiffs' argument that defendants waived the right to seek the remedy of disqualification. There is no record support for the assertion that plaintiffs affirmatively represented never to seek disqualification, and the motion to disqualify was filed upon this court's opinion becoming final. It is obvious that prior to that point the trial court having already decided to deny the motion for return of the privileged documents would not have granted a motion for disqualification.
[2] This holding is not to be construed as creating an automatic disqualification rule for inadvertent disclosure. Moreover, we reiterate the admonition in Abamar, 698 So.2d at 279 (quoting The Florida Bar Comm. on Professional Ethics, Op. 93-3 (Feb. 1, 1994)), that "[a]n attorney who receives confidential documents of an adversary as a result of an inadvertent release is ethically obligated to promptly notify the sender of the attorney's receipt of the documents." Accordingly, an attorney who follows the dictates of the Ethics Opinion, and complies with the obligation to promptly notify and to return immediately the inadvertently produced documents without exercising any unfair advantage (such as photocopying the "confidential documents" prior to returning them), will not be subject to disqualification.