FARMER, J.,
concurring specially.
I concur in quashing the order disqualifying plaintiffs law firm, but I would not require any evidentiary hearing. School Board of Broward County v. Polera Building Corp., 722 So.2d 971 (Fla. 4th DCA 1999), does not make an evidentiary hearing necessary in every case seeking disqualification of a party’s lawyer. It holds that an evidentiary hearing must be held only when the affidavits for and against disqualification are in conflict as to an essential issue raised in a legally sufficient motion.
Here there is no conflict because the grounds for the motion are plainly inadequate. The mere fact that an attorney may have participated in discovery requests in an earlier case does not create a prima facie basis for the disqualification of the attorney. The disqualification of a party’s lawyer is an unusually drastic measure, see General Accident Ins. Co. v. Borg-Warner Accept. Corp., 483 So.2d 505 (Fla. 4th DCA 1986) (disqualification of party’s chosen counsel is extraordinary remedy and should be resorted to sparingly), requiring the greatest judicial circumspection in granting such extraordinary relief. Unless a motion for disqualification raises a clear and unmistakable basis for it, I would not require an evidentiary hearing. Such hearings themselves invade the *852 attorney client relationship and poison the perspective of the trial judge. Here I see no basis for going any further than quashing the order and ending the matter.