997 So.2d 1117 (2008)
ATLAS AIR, INC., Petitioner,
v.
GREENBERG TRAURIG, P.A., James P.S. Leshaw, Kenneth C. Hoffman and Jeffrey Tenen, Respondents.
Greenberg Traurig, P.A., James P.S. Leshaw, Kenneth C. Hoffman and Jeffrey Tenen, Cross-Petitioners,
v.
Atlas Air, Inc., Cross-Respondent.
No. 3D08-1123.
District Court of Appeal of Florida, Third District.
September 17, 2008.
Rehearing and Rehearing En Banc Denied January 8, 2009.
*1118 Garbett, Stiphany, Allen & Roza, and Philip A. Allen, III, Miami, for petitioner/cross-respondent.
Kenny Nachwalter, and Michael Nachwalter and Richard H. Critchlow, Miami, for respondents/cross-petitioners.
Before GERSTEN, C.J., and ROTHENBERG, J., and SCHWARTZ, Senior Judge.
PER CURIAM.
This case involves an attempt to disqualify Kenny Nachwalter, P.A., the respondents' attorneys, because of its conduct in dealing with documents which, although protected by their opponent, Atlas Air, Inc.'s, attorney client privilege, had been inadvertently delivered to one of Kenny Nachwalter's partners. While the trial court disqualified the particular partner who first received the documents,[1] it did not do so with respect to the entire firm. Atlas Air, Inc. seeks certiorari review of the latter ruling. We grant the petition.
This determination is based upon our finding that the Kenny Nachwalter firm fell far short of satisfying the requirements of the controlling case of Abamar Housing & Dev., Inc. v. Lisa Daly Lady Decor, Inc., 724 So.2d 572 (Fla. 3d DCA 1998), rev. dismissed, 729 So.2d 918 (Fla. 1999) (Abamar II); see Abamar Housing & Dev., Inc. v. Lisa Daly Lady Decor, Inc., 698 So.2d 276 (Fla. 3d DCA), rev. denied, 704 So.2d 520 (Fla.1997) (Abamar I); Marcus & Marcus, P.A. v. Sinclair, 731 So.2d 845 (Fla. 3d DCA 1999); and, of particular significance, that it took an unfair, "informational" advantage of its adversary in the process. Abamar II, 724 So.2d 572; Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986); Double T Corp. v. Jalis Dev., Inc., 682 So.2d 1160 (Fla. 5th DCA 1996); Zarco Supply Co. v. Bonnell, 658 So.2d 151 (Fla. 1st DCA 1995). Disqualification of the firm as a whole is therefore required.
Petition granted; cross-petition denied.
ROTHENBERG, Judge (concurring).
While I agree with the majority opinion, I write separately to clarify my reasoning in this unfortunate case.
"The receipt of privileged documents is grounds for disqualification of the attorney receiving the documents based on the unfair tactical advantage such disclosure provides." Abamar Hous. & Dev. Inc. v. Lisa Daly Lady Decor, Inc., 724 So.2d 572, 573 (Fla. 3d DCA 1998) ("Abamar II"); see also Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505, 506 (Fla. 4th DCA 1986). Because there is no requirement that prejudice be shown, Abamar II, 724 So.2d at 573; Junger Util. & Paving Co., v. Myers, 578 So.2d 1117, 1119 (Fla. 1st DCA 1989), and it is so difficult to measure how much of an advantage, if any, was obtained due to the inadvertent disclosure of privileged documents, the court must look to the actions taken by the receiving lawyer or law firm in determining whether the drastic remedy of disqualification is warranted. Abamar II, 724 So.2d at 574.
*1119 The Kenny Nachwalter law firm represents the defendant in the instant case. During the litigation, a third party contractor was retained by the parties to copy and produce documents examined by the parties' lawyers, which the parties and their lawyers agreed should be produced to the defendant. In preparing the computer disc containing the agreed upon documents, the third party contractor commingled two boxes of the plaintiff's privileged documents, and sent the disc to Kenny Nachwalter. Ms. Ravkind, an attorney at Kenny Nachwalter who was working on the subject litigation, reviewed several of these privileged documents while searching the computer disc, and copied seventeen pages of these privileged documents. Ms. Ravkind subsequently reviewed the hard copies and made notes on some of them.
It is undisputed that at least one of the privileged documents was also reviewed by another Kenny Nachwalter attorney representing the defendant in this action. It is unknown, however, whether the privileged documents and/or the information contained in the documents were provided or reviewed by other attorneys within the firm, as Ms. Ravkind asserted the attorney/client and work product privileges during her deposition. Because Ms. Ravkind refused to answer these questions, it is impossible to determine the extent of the tactical advantage Kenny Nachwalter may have obtained by viewing the privileged documents, and whether another remedy, short of disqualifying the firm, was available.
We therefore find, as this Court found in Abamar II:
While recognizing that disqualification of a party's chosen counsel is an extraordinary remedy and should be resorted to sparingly, we believe the prudent course in this case is to disqualify counsel. Like so many other ethical considerations in the practice of law, perceptions are of the utmost importance. Thus, how much of an advantage, if any, one party may gain over another we cannot measure. However, the possibility that such an advantage did accrue warrants resort to this drastic remedy for the sake of the appearance of justice, if not justice itself, and the public's interest in the integrity of the judicial process.
Abamar II, 724 So.2d at 573-74 (quoting Gen. Accident Ins. Co., 483 So.2d at 506 (citations omitted)).
NOTES
[1] We agree with this ruling and therefore deny Kenny Nachwalter's cross-petition for certiorari.