PER CURIAM.
 

 Petitioners, Lincoln Associates and Construction Company, Inc. and Guarantee Insurance Company (Lincoln/Guarantee), challenge the Judge of Compensation Claims’ (JCC’s) denial of their motion to disqualify the law firm representing Went-worth Construction Company and Summit Holdings-Claims Center (Wentworth/Sum-mit). Because Miller, Kagan, Rodriguez & Silver, P.L. (Miller Kagan) undertook concurrent representation of Wentworth/Sum-mit and Guarantee in the same action, the JCC erred in denying the motion to disqualify.
 

 
 *639
 
 The claimant filed petitions for benefits against both Lincoln/Guarantee and Went-worth/Summit. Lincoln/Guarantee denied responsibility for the accident, alleging Claimant was a borrowed servant of Went-worth. Wentworth/Summit Holdings alleged Claimant was an employee of Lincoln.
 

 Approximately two months before the final hearing, Guarantee retained Miller Kagan’s Special Investigation Unit/Fraud Investigation Unit to participate in an audit of Lincoln to determine whether the claimant was listed in Lincoln’s payroll submissions and to locate the owner of Lincoln. When the attorney representing Lincoln/Guarantee learned of Miller Ka-gan’s representation of Guarantee, he filed a motion to disqualify Miller Kagan as counsel for Wentworth/Summit in this matter. The JCC denied the motion, finding there was no material conflict.
 

 Rule Regulating the Florida Bar 4-1.7 forbids a lawyer from representing two clients in the same matter unless the lawyer reasonably believes the representation will not adversely affect the responsibilities to each client and each client consents in writing or on the record. To disqualify a law firm from concurrently representing a party whose interests are adverse, a client need only show that an attorney/client relationship exists.
 
 See Univ. of Miami v. Dansky,
 
 622 So.2d 613, 614 (Fla. 1st DCA 1993). The concurrent representation of two parties in the same action gives “rise to an
 
 irrefutable
 
 presumption that confidences [are] disclosed during the course of that relationship.”
 
 Id.
 
 (citing
 
 Junger Util. & Paving Co. v. Myers,
 
 578 So.2d 1117, 1119 (Fla. 1st DCA 1989)). Miller Kagan conceded at oral argument that it represented Guarantee and Wentworth/Summit at the same time.
 

 Here, the JCC erred in finding that the conflict had to be material. Rule 4-1.7 leaves no room for a “materiality” analysis. When Miller Kagan failed to prove it had the written consent from each client, and failed to prove that the representation of both clients would not adversely affect the responsibilities to each client, the JCC should have granted the motion to disqualify. As explained by the Fifth District Court of Appeal, rule 4-1.7 is
 

 based on the ethical-concept requirement that a lawyer should act with undivided loyalty for his client and not place himself or herself in a position where a conflicting interest may affect the obligations of an ongoing professional relationship .... Such unseemly conduct, if permitted, would further erode the public’s regard for the legal profession.
 

 Harvey E. Morse, P.A. v. Clark,
 
 890 So.2d 496, 498 (Fla. 5th DCA 2004).
 

 Based on the foregoing, we GRANT the petition for writ of certiorari and QUASH the JCC’s order denying Petitioner’s motion to disqualify. Accordingly, the JCC’s order denying the motion for disqualification is hereby vacated, and the cause is remanded for further proceedings.
 

 KAHN, BENTON, and THOMAS, JJ„ concur.