EVANDER, J.
 

 Desiree Castellano (“the Mother”) has filed an amended petition for writ of cer-tiorari seeking review of an order of the trial court disqualifying her counsel (“Firm”).
 
 [1]
 
 The disqualification was based on the Firm’s receipt, review, and use of respondent, Marc Winthrop’s (“the Father”) USB flash drive
 
 [2]
 
 that contained electronic files including,
 
 inter alia,
 
 attorney/client communications, client litigation notes, and attorney work product. The Mother contends that the disqualification order represents a departure from the essential requirements of the law because a less drastic civil remedy was sufficient to address any potential wrongdoing. We deny the Mother’s petition.
 

 This case commenced in 1999 when the Mother filed a petition to establish paternity. In 2002, a modified final judgment of paternity was entered. However, the parties have continued over the years to engage in protracted litigation particularly as to the issues of child custody and medical treatment of the child.
 

 In February 2009, the Mother came into possession of a USB drive that belonged to the Father. It is not necessary to detail the manner in which the Father’s USB drive came into the Mother’s possession. It is sufficient to state that after the Mother’s version of the events was rejected by the court, the trial court could properly find that the USB drive was illegally obtained by the Mother without the knowledge or consent of the Father.
 

 After reviewing the USB drive, the Mother then retained the Firm. The Firm spent in excess of 100 hours reviewing the files contained on the flash drive and subsequently filed a “Petition to Vacate Stipulated Final Order of Modification Due to Father’s Repeated Intentional Fraud Upon the Court” (“Petition to Vacate”) on behalf of the Mother. The Petition to Vacate was based on information obtained from the USB drive. The Father and/or his counsel correctly deduced that the Mother had somehow obtained the Father’s USB drive and demanded its immediate return. The Firm refused to return the USB drive and, instead, filed its contents in the court file and also facilitated delivery of the USB drive to law enforcement. The Father then filed an emergency motion seeking,
 
 inter alia,
 
 the return of the USB drive, disqualification of the Mother’s counsel, and the imposition of other sanctions against the Mother. The presiding trial judge had a senior judge, The Honorable George A. Sprinkel, IV, appointed to preside over the hearing on the Father’s motion.
 
 [3]
 

 Judge Sprinkel conducted a lengthy evi-dentiary hearing on the Father’s emergen
 
 *136
 
 cy motion. Although the facts were hotly disputed below, the Mother does not challenge the factual findings for purposes of this certiorari review.
 
 [4]
 
 Among the lower court’s findings of fact were:
 

 (1) The USB drive was illegally obtained by the Mother;
 

 (2) The USB drive contained the electronic equivalent of thousands of pages of documents and communications, including:
 

 (a) Attorney/client communications between the Father and his counsel;
 

 (b) Attorney/client notes concerning litigation strategy.
 

 (c) Work product and mental impressions of the Father’s attorneys concerning pending litigation issues, including detailed outlines for witness questioning and potential impeachment evidence to be used in future hearings;
 

 (d) Confidential medical information of the Father and his current wife;
 

 (e) Confidential financial information of the Father’s current wife and her family;
 

 (f) Confidential business information of the Father and his clients.
 

 (3) Despite receiving the USB drive “under very, very suspicious circumstances,” the Firm spent in excess of 100 hours reviewing its contents “although it was apparent within moments of inspection that it belonged to the Father and contained attorney/client communications with the Father’s current counsel ..., as well as a complete history and chronology of strategy, work product, and confidential communications spanning the near decade-long period of this litigation.”
 

 (4)Based upon a preliminary review of the Father’s confidential documents, the Mother failed to establish that a crime or fraud was being perpetrated, planned, or carried out by the Father.
 

 Judge Sprinkel then determined that disqualification of the Firm was required because “an informational advantage was obtained.” Judge Sprinkel further ordered that the Petition to Vacate be struck and the confidential information previously placed in the court file be sealed. The Mother and the Firm were ordered to return the USB drive and any and all copies that were in their possession or control. The Mother and the Firm were also ordered to remove from their computers all of the Father’s confidential and privileged information and to make their computers available for third-party inspection to confirm the deletion of this information — all at the Firm’s expense. The Firm and the Mother were further ordered to provide, by affidavit, the identity of all persons who have reviewed, received, or been provided with the confidential and privileged information and to indemnify the Father for any damages he might suffer from the improper use thereof. The Mother was also enjoined from using any of the information illegally obtained. Lastly, the court reserved jurisdiction to determine whether the Father was entitled to an award of attorney’s fees.
 

 
 *137
 
 In her petition, the Mother only challenges the lower court’s decision to disqualify the Firm. She contends that the other remedies ordered by the trial court (return and non-use of the confidential and privileged information and indemnification of the Father for any damages incurred) was sufficient to “resolve any problems” and that disqualification of the Mother’s counsel would only serve to prejudice the Mother. We reject the Mother’s argument.
 

 While recognizing that disqualification of a party’s chosen counsel is an extraordinary remedy that should be resorted to sparingly, disqualification is appropriate where a party obtains an unfair informational or tactical advantage through the disclosure of privileged information to that party’s counsel.
 
 See Atlas Air, Inc. v. Greenberg Traurig, P.A.,
 
 997 So.2d 1117 (Fla. 3d DCA 2008);
 
 Abamar Housing & Dev., Inc. v. Lisa Daly Lady Decor, Inc.,
 
 724 So.2d 572 (Fla. 3d DCA 1998);
 
 Double T Corp. v. Jalis Dev., Inc.,
 
 682 So.2d 1160 (Fla. 5th DCA 1996);
 
 Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp.,
 
 483 So.2d 505 (Fla. 4th DCA 1986). Given the nature of the information obtained by the Firm from the USB drive, it cannot be reasonably disputed that an informational and tactical advantage was obtained by the Mother.
 

 For the benefit of other attorneys facing a similar dilemma, we note that the Florida Bar Commission on Professional Ethics has opined that when an attorney receives confidential documents he or she knows or reasonably should know were wrongfully obtained by his client, he or she is ethically obligated to advise the client that the materials cannot be retained, reviewed, or used without first informing the opposing party that the attorney and/or client have the documents at issue. If the client refuses to consent to disclosure, the attorney must withdraw from further representation.
 
 [5]
 
 Fla. Bar Profl Ethics Comm., Formal Op. 07-1.
 

 Petition for Writ of Certiorari DENIED.
 

 GRIFFIN and SAWAYA, JJ., concur.
 

 [1]
 

 . Appellate counsel was not petitioner’s counsel below.
 

 [2]
 

 . A USB flash drive is a memory data storage device.
 

 [3]
 

 .We commend the trial judge on her decision to have another judge preside over a hearing that would result in the disclosure of an extensive amount of privileged attorney/client communications and attorney work product. We also commend Judge Sprinkel for his thorough and detailed order.
 

 [4]
 

 . Only a portion of the transcript of the evi-dentiary hearing was made part of the record. Accordingly, we assume the lower court's factual findings were supported by substantial competent evidence.
 
 Hirsch v. Hirsch,
 
 642 So.2d 20 (Fla. 5th DCA 1994) (failure to provide appellate court with either transcript or proper substitute for transcript is generally fatal because, in absence of transcript, appellate court is unable to evaluate allegations that error exists in trial court’s findings but instead must presume such findings are correct);
 
 All American Soup v. Colonial Promenade,
 
 652 So.2d 911 (Fla. 5th DCA 1995) (appellant was not able to establish reversible error where he failed to bring complete transcript of non-jury trial proceedings to court for review).
 

 [5]
 

 . The attorney may also be required to advise his client to consult a criminal defense attorney.