SUAREZ, J.
Construction Systems of America, Inc. (“CSA”) petition for a writ of certiorari seeking quashal of two orders entered against the recommendation of the special magistrate. The first order compels CSA to return inadvertently disclosed privileged documents. The second order disqualifies CSA’s counsel. We grant the petition for certiorari in part and deny in part.
The litigation underlying this petition has been pending since 2006. In February 2011, Appellee MK Contractors, LLC (“MKC”) arranged for CSA’s lead trial counsel, Herman Braude, to conduct a document review at its attorneys’ office in response to CSA’s request for production. Mr. Braude marked various documents to be duplicated by a copy service and forwarded to his firm, including the two binders now at issue. In November 2011, MKC’s counsel realized the binders contained privileged documents. It ultimately filed a motion to compel return of the documents and a motion to disqualify Mr. Braude’s law firm, which motions were referred to a special magistrate.
After a ten-hour evidentiary hearing, the special magistrate issued a report and recommendation finding the documents constituted fact work product. However, he concluded MKC had waived the privilege and recommended denial of both motions. Upon reviewing MKC’s exceptions to the report, the trial court rejected the recommendation and granted the motions. It concluded MKC had not waived the privilege and that the possibility CSA had gained an unfair informational advantage from the disclosure required disqualification.
A trial court reviews exceptions to a magistrate’s report to determine whether the factual findings and conclusions are supported by competent substantial evidence and to determine whether the magistrate misconceived the legal effect of the evidence or whether the conclusions are clearly erroneous. Cerase v. Dewhurst, 935 So.2d 575, 578 (Fla. 3d DCA 2006). This review is governed by the abuse of discretion standard set forth in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Anderson v. Anderson, 736 So.2d 49, 51 (Fla. 5th DCA 1999) (“The review of the entire record is to ascertain whether the master’s finding is supported by competent evidence and to see if the master’s conclusions pass the Canakaris test.”).
This Court has adopted a five-factor relevant circumstances test to determine whether a party waived privilege through inadvertent disclosure:
*944 (1) The reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosure; (4) any delay and measures taken to rectify the disclosures; and (5) whether the overriding interests of justice would be served by relieving a party of its error.
Abamar Hous. & Dev., Inc. v. Lisa Daly Lady Decor, Inc. (Abamar I), 698 So.2d 276, 278-79 (Fla. 3d DCA 1997). Upon reviewing the magistrate’s report and the trial court’s order on the motion to compel, we conclude the trial court did not exceed its authority. It accepted the facts as found by the magistrate but correctly determined the magistrate misconceived the legal effect of the evidence. See Cerase, 935 So.2d at 578. We therefore deny the petition for certiorari as to the order compelling return of the documents. However, we grant the petition as to the order disqualifying counsel and, upon review, quash that order.
A two-part test governs the determination of whether receipt of an inadvertent disclosure warrants disqualification. Moriber v. Dreiling, 95 So.3d 449, 454 (Fla. 3d DCA 2012). The movant must establish that “the inadvertently disclosed information is protected, either by privilege or confidentiality” and that “there is a ‘possibility’ that the receiving party has obtained an ‘unfair’ ‘informational advantage’ as a result of the inadvertent disclosure.” Id. (citing Atlas Air, Inc. v. Greenberg Traurig, P.A., 997 So.2d 1117, 1118 (Fla. 3d DCA 2008), and Abamar Hous. & Dev., Inc. v. Lisa Daly Lady Decor, Inc. (Abamar II), 724 So.2d 572, 573-74 (Fla. 3d DCA 1998)). Although the magistrate’s report and recommendation pre-dates Moriber, it ignores the then-existing standard set forth in Aba-mar II and Atlas. The magistrate made no findings regarding the extent of Mr. Braude’s review of the privileged documents or the possibility that his firm received an “unfair informational advantage” from the disclosure. The trial court, however, made extensive findings under the Moriber standard. Most notably, the court made credibility determinations based on testimony presented to the magistrate. This was error. Upon determining the privilege was not waived, the trial court should have remanded the matter to the magistrate for further findings.
For the foregoing reasons, we deny, in part, the petition for certiorari, and affirm the order granting the motion to compel return of the documents at issue. We grant the petition for certiorari, however, as to the order disqualifying counsel for CSA, and quash that order. The trial court is instructed to remand the disqualification issue to the magistrate for further findings consistent with the trial court’s ruling on the motion to compel and the standard set forth in Moriber v. Dreiling, 95 So.3d 449 (Fla. 3d DCA 2012).