MERITS INCENTIVES, LLC, a Nevada Limited Liability Company; RAMON DeSAGE, Individually; and CADEAU EXPRESS, INC., Petitioners, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK; and THE HONORABLE MARK R. DENTON, District Judge, Respondents, and BUMBLE AND BUMBLE PRODUCTS, LLC, a New York Limited Liability Company; FENNEMORE CRAIG, P.C.; and JOHN H. MOWBRAY, Real Parties in Interest.

No. 56313

October 6, 2011                                    262 P.3d 720

*Pisanelli Bice, PLLC*, and *Todd L. Bice*, Las Vegas; *Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLC*, and *Lance Coburn*, Las Vegas, for Petitioners.

*Lionel Sawyer & Collins* and *Paul R. Hejmanowski* and *Samuel S. Lionel*, Las Vegas, for Real Parties in Interest Fennemore Craig, P.C., and John H. Mowbray.

*Fennemore Craig, P.C.*, and *John H. Mowbray*, Las Vegas, for Real Party in Interest Bumble and Bumble Products, LLC.

Before SAITTA, C.J., HARDESTY and PARRAGUIRRE JJ.

## OPINION

By the Court, HARDESTY, J.:

In this original writ proceeding we review a district court's decision to deny a motion to disqualify opposing counsel, when opposing counsel reviewed confidential documents he received, unsolicited, from an anonymous source.[1] We initially conclude that although there is no Nevada Rule of Professional Conduct that specifically governs an attorney's actions under these facts, the attorney in this case fulfilled any ethical duties by giving prompt notification to opposing counsel, soon after his receipt of the disk from an unidentified source, through an NRCP 16.1 disclosure.

We must also determine whether the district court abused its discretion when it refused to disqualify counsel, even though one of the documents sent to counsel was privileged. We adopt factors to aid a district court in determining whether disqualification is warranted under such circumstances, and we conclude in this case that the factors weigh in favor of the district court's decision. Therefore, although we consider the writ petition, we ultimately deny the relief requested.

### FACTS AND PROCEDURAL HISTORY

Real party in interest Bumble & Bumble, LLC, manufactures and sells high-end salon products. Petitioners Merits Incentives, LLC, Ramon DeSage, and Cadeau Express, Inc. (collectively, petitioners), contracted with Bumble to distribute Bumble's products to the Wynn Hotel in Las Vegas, Nevada. After entering into the contract with petitioners, Bumble discovered that some of its products were being sold at unauthorized retailers such as CVS, Rite Aid, and Walgreens. Bumble sued petitioners for breach of contract, fraud, and injunctive relief because of the alleged distribution of Bumble products by petitioners to entities other than those authorized by the parties' contract.

---

[1]While the challenged order also denied a motion to dismiss, this writ petition seeks only counsel's disqualification, not dismissal of the underlying action, and thus only disqualification is discussed herein.

Prior to Bumble's suit against petitioners, Cadeau Express fired one of its logistics engineers, Mohamed Issam Abi Haidar. In a separate action from this one, petitioners sued Haidar, alleging that he stole "confidential and proprietary information and trade secrets." The district court in that case permanently enjoined Haidar from distributing any of the stolen information to petitioners' "customers, manufacturers, suppliers, or business partners."

*Receipt of disk from an anonymous third party*

After filing suit against petitioners, Bumble received an anonymous package from Lebanon at its New York headquarters on September 24, 2009. The package contained a disk and a note stating that the package should be forwarded to Bumble's counsel, John Mowbray, an attorney with Fennemore Craig, P.C., a law firm in Las Vegas. On October 15, less than one month later, Mowbray served on petitioners a supplemental NRCP 16.1 mandatory pretrial discovery disclosure (16.1 disclosure). The third of three disclosures identified a "[d]isk received by Bumble and Bumble on September 24, 2009 from an unidentified source." The 16.1 disclosure also included a copy of the disk and a copy of the envelope it arrived in, which bore Lebanese stamps and the phrase "[h]ighly [c]onfidential." On October 19, Bumble served an amended supplemental 16.1 disclosure on petitioners and provided another identical copy of the disk. At the time, petitioners did not inform Bumble that they objected to Bumble having the disk, and they did not file any motions with the court to preclude Bumble's use of the disk or its contents.

On November 6, 2009, Bumble served petitioners with a second request for production (second RFP), listing individually over 500 documents that were contained on the disk and requesting authentication and hard copies of some of the documents. Petitioners did not file their response to the second RFP until January 11, 2010, and generally objected to the request as follows:

> [Petitioners] object to this Request on the grounds that it seeks information and documents already in Bumble's possession, on the grounds that it is overbroad and unduly burdensome, on the grounds that it seeks information protected by the attorney/client and/or attorney work product privilege, on the grounds that many of the documents on the Disk are corrupted and will not open, and on the grounds that it is vague and ambiguous in that Bumble has not identified the source of the Disk. Subject to the foregoing, [petitioners] state that they have produced all documents they have an obligation to produce in response to this Request. The

documents previously produced . . . are generally responsive to this Request.

On January 27, 2010, Bumble used some of the documents from the disk to depose one of petitioners' employees, and petitioners still did not object or argue that the documents were privileged.[2] On May 14, 2010, nearly eight months after Bumble first disclosed its receipt of the disk, petitioners first objected to Bumble's use and possession of the documents on the disk through a motion to the district court.

## Petitioners' motions regarding the disk

Petitioners filed a motion with the district court for the dismissal of Bumble's case with prejudice or, in the alternative, a motion to prohibit Bumble's use of misappropriated confidential and privileged documents and for disqualification of Bumble's counsel. In the motion, petitioners alleged that Mowbray received the disk from Haidar in violation of the injunction petitioners had obtained against him. Petitioners also alleged that Bumble failed to notify them for over eight months that it had petitioners' confidential and privileged documents, and that Bumble used that information "to gain a tactical advantage in [the] litigation." Bumble opposed the motion, arguing that it had produced the disk through the normal course of discovery. Bumble included with its response an expert report supporting its claim that Mowbray did not violate any of Nevada's ethical rules and that disqualification was not warranted. Petitioners replied and included a rebuttal expert report.

After a hearing on the motion, the district court declined to dismiss the case or disqualify Mowbray and his firm, Fennemore Craig. In its findings of fact, which neither side challenges, the district court stated that, "[o]n or about September 24, 2009, [Bumble] received . . . an unsolicited package from an anonymous source." The district court also found that Bumble and its counsel "conspicuously set forth" their receipt of the disk in the NRCP 16.1 disclosure, and that "[n]either [Bumble] nor its counsel had actual knowledge of the injunction [petitioners had against Haidar]."

The court concluded that petitioners failed to show that any of the documents, except a draft affidavit, contained on the disk were privileged. The court excluded the use of the draft affidavit, but otherwise allowed the use of the documents contained on the disk. Despite the one privileged document on the disk, the district court

---

[2]Although petitioners raised the above-quoted general objection to Bumble's request for production, that type of objection is insufficient to assert a privilege. *See Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 & n.5 (D. Nev. 1993).

concluded that Bumble's counsel "acted reasonably and in accordance with the Nevada Rules of Professional Conduct with respect to the documents and the Disk." The court also concluded that Mowbray "went out of [his] way to advise [petitioners] that [he] had received the documents and Disk, to let [petitioners] ascertain their provenance and to give them every opportunity to register an objection and demand return and non-use." Petitioners now seek extraordinary writ relief to instruct the district court to disqualify Mowbray and his firm or, alternatively, to compel the district court to reconsider the disqualification motion.

## DISCUSSION

Petitioners maintain that the district court abused its discretion when it failed to disqualify Mowbray and his firm as counsel for Bumble. " 'A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion.' " *Wiliams v. Dist. Ct.*, 127 Nev. 518, 524, 262 P.3d 360, 364 (2011) (quoting *International Game Tech. v. Dist. Ct.*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)); *see also* NRS 34.160. This court will not issue a writ of mandamus if the " 'petitioner has a plain, speedy, and adequate remedy in the ordinary course of law,' " *Id.* (quoting *Mineral County v. State, Dep't of Conserv.*, 117 Nev. 235, 243, 20 P.3d 800, 805 (2001)), and "[m]andamus will not lie to control [the district court's] discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or capriciously," *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (internal citation omitted). A writ may issue, however, " 'where an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction.' " *Mineral County*, 117 Nev. at 243, 20 P.2d at 805 (quoting *Business Computer Rentals v. State Treas.*, 114 Nev. 63, 67, 953 P.2d 13, 15 (1998)).

Although we conclude that the district court did not abuse its discretion by denying petitioners' motion to disqualify Mowbray and his law firm, we take this opportunity to adopt a notification requirement to apply to situations where an attorney receives documents or evidence from an anonymous source or from a third party unrelated to the litigation. Additionally, we also set forth factors for district courts to consider in determining whether an attorney who reviews privileged information under such circumstances should be disqualified. Thus, while we consider the writ petition because it raises important issues of law that need clarification, we deny the relief requested.

*Mowbray did not violate any ethical duties*

Petitioners argue that Mowbray and his law firm did not meet their ethical duties when Mowbray reviewed the disk he received from an anonymous source. Bumble and Mowbray argue that Mowbray exceeded any ethical obligations by immediately disclosing the disk received from an anonymous source in a supplemental 16.1 disclosure, by propounding discovery on opposing counsel seeking authentication regarding the documents contained on the disk, and by listing each document individually in a discovery request.

At the outset, we note that both parties agree that RPC 4.4(b), which provides that "[a] lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender," is not applicable here. We also agree that RPC 4.4(b) is not applicable, as written, because the disk was not inadvertently sent to Bumble and Mowbray.[3]

### *Petitioners' caselaw is not persuasive*

Petitioners cite to various cases and ethics opinions from other jurisdictions in an attempt to persuade this court that Mowbray violated his ethical duties because, once he realized the privileged nature of the documents on the disk, he should have ceased reviewing the disk, notified petitioners, and returned the disk (also referred to as the "cease, notify and return" rule).[4] The caselaw they cite, however, is based on facts that are easily distinguishable from the current case.

In *Burt Hill, Inc. v. Hassan*, an attorney claimed to have received documents anonymously but did not sign an affidavit to that effect, and the court found the claimed lack of knowledge regarding the delivery of the documents appeared "highly suspicious."

---

[3]In fact, the American Bar Association (ABA) has stated as much. The comment to the ABA Model Rule identical to RPC 4.4(b) states that "this Rule does not address the legal duties of a lawyer who receives a document that the lawyer knows or reasonably should know may have been wrongfully obtained by the sending person." Model Rules of Prof'l Conduct R. 4.4 cmt. 2 (2007). Additionally, the ABA has stated that:

> if the providing of the materials is not the result of the sender's inadvertence, Rule 4.4(b) does not apply to the factual situation . . . . A lawyer receiving materials under such circumstances is therefore not required to notify another party or that party's lawyer of receipt as a matter of compliance with the Model Rules. Whether a lawyer may be required to take any action in such an event is a matter of law beyond the scope of Rule 4.4(b).

ABA Comm. on Ethics and Prof'l Responsibility, Formal Op. 06-440 (2006).

[4]Nevada has no such rule.

No. Civ. A. 09-1285, 2010 WL 419433, at *1-2 (W.D. Pa. Jan. 29, 2010). In the instant case, Mowbray signed an affidavit in which he declared that he did not know the source of the disk, he produced the envelope he received the disk in, and the district court found that the disk was sent anonymously.

Three other cases petitioners cite involve the attorney's client providing the confidential documents to the attorney, rather than the attorney receiving the documents from an anonymous third party, and the attorney failing to immediately notify opposing counsel of the client's misconduct. *See Maldonado v. New Jersey*, 225 F.R.D. 120, 125-26 (D.N.J. 2004) (attorney's client obtained confidential letter from opposing party to its counsel, gave the letter to his attorney, and attorney did not disclose or return the document); *In re Marketing Investors Corp.*, 80 S.W.3d 44, 46-47 (Tex. App. 1998) (attorney's client took documents from opposing party in violation of employment agreement and gave to his attorney who kept copies and refused to agree not to use documents despite a protective order); *Castellano v. Winthrop*, 27 So. 3d 134, 135 (Fla. Dist. Ct. App. 2010) (attorney's client illegally obtained opposing party's flash drive and attorney used information contained on it to file a motion to vacate a final order before notifying opposing counsel of receipt).[5]

Although petitioners do not specifically cite to either rule in their writ petition, some of the above cases discuss, and petitioners' ethical expert in the district court opined, that Mowbray's actions violated RPC 4.4(a) and 8.4(d). RPC 4.4(a) states, in pertinent part, that "[i]n representing a client, a lawyer shall not . . . *use methods of obtaining* evidence that violate the legal rights of [a third] person." (Emphasis added.) RPC 8.4(d) states that "[i]t is professional misconduct for a lawyer to . . . [e]ngage *in* conduct that is prejudicial to the administration of justice." (Emphasis added.)

In all of petitioners' cited cases discussing RPC 4.4(a) or 8.4(d), the courts found that the attorneys either played some part in obtaining an opposing party's documents or were complicit in actions used to wrongfully obtain those documents. Similarly, the emphasized language in RPC 4.4(a) and 8.4(d) demonstrate that the attorney must take some type of affirmative action, either by em-

---

[5]Petitioners also cite to jurisdictions that already have a cease, notify, and return rule regarding inadvertent receipt of the opposing party's documents to show that Mowbray violated his ethical duties. *See Maldonado v. New Jersey*, 225 F.R.D. 120, 138 (D.N.J. 2004) (discussing the rule in conjunction with the New Jersey Rules of Professional Conduct); D.C. Bar Comm. on Legal Ethics, Op. 318 (2002) (construing the rule with District of Columbia Rule of Professional Conduct 4.4(b)). Because Nevada has no rule or caselaw to this effect, we determine that this authority is unpersuasive.

ploying a method of obtaining evidence or engaging in certain conduct, to violate either of those rules. Mowbray did not do that here, as the district court's unchallenged findings of fact stated that the disk was sent anonymously and unsolicited, and that Mowbray had no knowledge of the injunction against Haidar.[6]

*An attorney's responsibility upon receiving documents or evidence from an anonymous source or from a third party unrelated to the litigation*

As discussed above, Nevada does not have any ethical rules that govern the specific issue presented in this petition. It appears, however, that the district court applied RPC 4.4(b) by analogy, which requires an attorney to notify the sender if he or she receives documents inadvertently, and concluded that Mowbray met his ethical duties because he promptly notified petitioners of his receipt of the disk through an NRCP 16.1 disclosure.

We agree with the district court's reasoning; therefore, we now adopt a notification requirement to apply in situations where an attorney receives documents anonymously or from a third party unrelated to the litigation. Thus, an attorney who receives documents regarding a case from an anonymous source must promptly notify opposing counsel, or risk being in violation of his or her ethical duties and/or being disqualified as counsel. Notification must adequately put opposing counsel on notice that the documents were not received in the normal course of discovery and describe, with particularity, the facts and circumstances that explain how the documents or evidence came into counsel's or his or her client's possession.[7] In this case, Mowbray did just that through an NRCP 16.1 disclosure. Therefore, the district court correctly concluded that Mowbray fulfilled his ethical duties.

---

[6]While petitioners attempt to prove to this court that Mowbray knew of the injunction against Haidar, they do not ask this court to overturn the district court's findings of fact that Mowbray had no knowledge of the injunction. Therefore, we conclude that the district court's findings of fact are undisputed.

[7]Although we do not adopt a cease, notify, and return rule, that does not prevent a party whose privileged information has been obtained by the opposing party from seeking the return of that information. If petitioners believed that Mowbray was acting unethically or possessed their privileged information, they should have immediately informed Mowbray of their concerns and sought return of the disk and any documents Mowbray retrieved from the disk. If Mowbray did not comply with their request, they could have sought relief from the district court in a timely manner. Despite petitioners' claim that they were in the midst of changing counsel, petitioners' counsel may have had an independent responsibility to promptly object to the use of documents provided by an anonymous source. *See* RPC 1.3.

*The district court did not abuse its discretion in refusing to disqualify Mowbray and his firm as counsel for Bumble*

The determination that Mowbray fulfilled his ethical duties does not end our inquiry concerning disqualification. The district court found that one document on the disk, a draft affidavit, was protected by the attorney-client privilege. Despite this finding, the district court did not disqualify Mowbray and his firm as counsel for Bumble. Petitioners claim this was an abuse of discretion. "The district court has broad discretion in attorney disqualification matters, and this court will not overturn its decision absent an abuse of that discretion." *Waid v. Dist. Ct.*, 121 Nev. 605, 609, 119 P.3d 1219, 1222 (2005). This court has not previously determined what factors a district court should consider when presented with a motion to disqualify an attorney who has received an opposing party's privileged information, yet played no part in obtaining the information.

The Supreme Court of Texas resolved a similar issue in *In re Meador*, 968 S.W.2d 346 (Tex. 1998). In that case, the defendant filed suit against a company and some of its employees for various claims, including allegations of sexual harassment. *Id.* at 348. Another company employee took and copied certain documents from the company that were potentially relevant to the litigation. *Id.* That employee later contacted the defendant because she was considering filing her own lawsuit against the company, and the defendant referred the employee to her attorney. *Id.* at 349. When the employee met with the attorney, she gave him the documents she had copied. *Id.* Later in the litigation, the company claimed the documents were privileged, and the trial court instructed defendant's counsel that the documents could not be used in the litigation and all copies had to be returned to the company. *Id.* The district court declined, however, to disqualify the defendant's counsel, and the company appealed that decision. *Id.*

In determining whether the district court abused its discretion by failing to disqualify the defendant's counsel, the *Meador* court stated that "[w]ithout doubt, there are situations where a lawyer who has been privy to privileged information improperly obtained from the other side must be disqualified, even though the lawyer was not involved in obtaining the information." *Id.* at 351. The court also realized, however, that "it is impossible to articulate a bright-line standard for disqualification where a lawyer, through no wrongdoing of his or her own, receives an opponent's privileged materials." *Id.* We agree.

The court went on to identify a nonexhaustive list of factors to aid trial courts in determining whether disqualification is appropriate:

> 1) whether the attorney knew or should have known that the material was privileged;
>
> 2) the promptness with which the attorney notifies the opposing side that he or she has received its privileged information;
>
> 3) the extent to which the attorney reviews and digests the privileged information;
>
> 4) the significance of the privileged information; i.e., the extent to which its disclosure may prejudice the movant's claim or defense, and the extent to which return of the documents will mitigate that prejudice;
>
> 5) the extent to which movant may be at fault for the unauthorized disclosure; [and]
>
> 6) the extent to which the nonmovant will suffer prejudice from the disqualification of his or her attorney.[8]

*Id.* at 351-52. We now adopt these factors, and we further agree with the *Meador* court that, in exercising its judicial discretion, the district courts "must consider all the facts and circumstances to determine whether the interests of justice require disqualification." *Id.* at 351.

Having adopted factors that inform a district court's disqualification decision, we must now determine whether the district court abused its discretion when it refused to disqualify Mowbray and his law firm as counsel for Bumble for allegedly reviewing the privileged draft affidavit. *Waid*, 121 Nev. at 609, 119 P.3d at 1222.

In concluding that Mowbray met his ethical duties, the district court stated:

> In fact, it appears to the Court that, instead of lying in wait with the documents, [Mowbray] went out of [his] way to point out that [he] had received them and to let Defendants ascertain their provenance, giving every opportunity for Defendants to register an objection and demand return and non-use.

Additionally, the second RFP did not list the draft affidavit as one of the documents, and Mowbray filed an affidavit with the court stating that he did not review any such document. The district

---

[8]As this list is nonexhaustive, the district court may consider other factors that are pertinent to the facts of each individual case.

court did not make any findings that contradicted Mowbray's assertion that he never reviewed the document.

Applying the above factors, we agree with the district court's order denying disqualification because the factors weigh in favor of the district court's determination that Mowbray and his firm were not subject to disqualification. The district court found that most of the documents on the disk were not privileged, and Mowbray stated he did not review the document the court determined was privileged. Mowbray sent petitioners' counsel a supplemental NRCP 16.1 disclosure one month after Bumble received the disk at its headquarters. Although the privileged document, a draft affidavit, may have had some significance, the district court prohibited its use, and petitioners failed to show any prejudice resulting from the affidavit's disclosure. Finally, Bumble would suffer prejudice if it had to retain new counsel because the litigation involves complex contracts and numerous entities.

Although we conclude that Mowbray's initial supplemental NRCP 16.1 disclosure of the disk was an adequate method of notification, he did not end there with his attempts to promptly notify petitioners of his receipt of the disk. Four days later, Mowbray filed an amended supplemental 16.1 disclosure with another copy of the envelope the disk arrived in. Additionally, approximately one month later, Mowbray propounded a second RFP that included a request spanning 22 pages and individually listing 503 of the documents contained on the disk. Thus, these additional steps taken by Mowbray further indicate that he was not trying to deceive petitioners or conceal his receipt of the disk from them. Therefore, we conclude that the district court did not abuse its discretion by denying petitioners' motion to disqualify Mowbray and his law firm.

Based on the foregoing, we deny the petition for extraordinary writ relief.[9]

SAITTA, C.J., and PARRAGUIRRE, J., concur.

---

[9]Petitioners also requested this court address whether their seven-month delay in seeking disqualification of Mowbray constituted waiver. Because we denied writ relief based on our conclusion that the district court did not abuse its discretion in denying petitioners' motion to disqualify, we need not reach this issue.