# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL LITTLE, A CITIZEN AND TAXPAYER OF NEVADA,
Petitioner,
vs.
THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CARSON CITY; AND THE HONORABLE JAMES TODD RUSSELL, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA; THE NEVADA GOVERNOR'S OFFICE OF ECONOMIC DEVELOPMENT; STEVEN HILL, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE NEVADA GOVERNOR'S OFFICE OF ECONOMIC DEVELOPMENT; AND THE LEGISLATURE OF THE STATE OF NEVADA,
Real Parties in Interest.

No. 67639

**FILED**

JUL 1 2 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus challenging the district court's order granting partial summary judgment on the grounds that the petitioner, a Nevada taxpayer, lacks standing to challenge the Nevada Catalyst Fund statutes.

Petitioner Michael Little filed suit against the State of Nevada claiming that its Catalyst Fund violates the Nevada Constitution and that he was harmed, both as a taxpayer of the State of Nevada and as a direct competitor with Solar City, a beneficiary of the Catalyst Fund. The

SUPREME COURT
OF
NEVADA

(O) 1947A

16-21611

district court granted in part the State's motion for summary judgment on the grounds that Little's alleged status as a Nevada taxpayer does not afford him standing to assert a facial challenge to the Catalyst Fund statutes. After the district court granted partial summary judgment and the filing of this writ, the 2015 Legislature amended the Catalyst Fund statutes. 2015 Nev. Stat., ch. 433, § 6, at 2482-83 (amending NRS 231.1577). The district court has yet to determine whether Little has standing as a competitor to challenge the Catalyst Fund as applied to his alleged competition with Solar City or the impact of the 2015 amendment to NRS 231.1577 on this litigation.

Although the district court will hold an evidentiary hearing to determine the issue of competitor standing, Little petitioned this court for a writ of mandamus to overturn the district court's conclusion that he lacks standing as a taxpayer and to require the district court to recognize taxpayer standing. We conclude that the extraordinary remedy of mandamus is not warranted in this case because the district court has not yet ruled on Little's standing as a direct competitor and because, as an order granting partial summary judgment, the district court's order is interlocutory and "subject to revision at any time before the entry of judgment adjudicating all the rights and liabilities of all the parties." NRCP 54(b).

Little argues that this court should entertain his writ because the issue of taxpayer standing is an issue of first impression. Little further argues that this is an issue of public importance because taxpayer standing is necessary to hold state governments accountable for their actions, particularly when those actions violate the State Constitution.

The State, however, argues that mandamus relief is not warranted because Little can appeal an adverse decision after final judgment and a direct appeal of a final judgment is the preferred remedy at law. We agree with the State.

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also* NRS 34.160. The decision to entertain an extraordinary writ petition, such as mandamus, lies within our discretion. *Libby v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 39, 325 P.3d 1276, 1278 (2014). The petitioner has the "heavy" burden to show that such relief is necessary. *Poulos v. Eighth Judicial Dist. Court*, 98 Nev. 453, 455, 652 P.2d 1177, 1178 (1982). We will generally refuse to issue an extraordinary writ when there is an adequate remedy at law. NRS 34.170; *Oxbow Constr., LLC v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 86, 335 P.3d 1234, 1238 (2014).

When a district court enters a partial summary judgment order, the party whom the order is entered against may appeal after the district court enters a final judgment on the remaining claims if they are still aggrieved. *State v. Eighth Judicial Dist. Court (Ad America, Inc.)*, 131 Nev., Adv. Op. 41, 351 P.3d 736, 740 (2015). Writ review may be appropriate, however, when the question is an important issue and this court's review at an early stage is necessary to clarify the law and avoid confusion. *Id.* We, however, will not exercise mandamus simply to control

a district court's "discretionary action, unless discretion is manifestly abused or is exercised arbitrarily or capriciously." *Merits Incentives, LLC v. Eighth Judicial Dist. Court*, 127 Nev. 689, 694, 262 P.3d 720, 723 (2011). The policy behind this hesitation to entertain such writ petitions is to promote judicial economy and avoid "piecemeal appellate review." *Wells Fargo Bank, N.A. v. O'Brien*, 129 Nev., Adv. Op. 71, 310 P.3d 581, 582 (2013). As a general principle, we practice judicial restraint, avoiding legal and constitutional issues, if unnecessary to resolve the case at hand. *Miller v. Burk*, 124 Nev. 579, 588-89, 188 P.3d 1112, 1118-19 (2008).

Here, Little asks this court to intervene before his bench trial and direct the district court to find that he can challenge the Catalyst Fund statutes as an aggrieved taxpayer and as a direct competitor. If this court does not issue the writ, Little may still proceed as a direct competitor. He may also, depending on what transpires in district court in the course of the evidentiary hearing and the briefing and argument on the amendment to NRS 231.1577, persuade the district court to reconsider or revise its partial summary judgment order. Extraordinary relief is not necessary to allow Little any relief, including preventing Clark County from funding his alleged competitor, Solar City. This court does not address unnecessary constitutional issues. *Id.* While Little seems zealous in challenging the statutes on their face, justiciability is about a court's ability to redress direct injuries, rather than answer unnecessary constitutional questions. In this instance, the district court may still redress his injury. Therefore, Little has an adequate remedy at law.

SUPREME COURT
OF
NEVADA

(0) 1947A

Because there exists an adequate remedy at law and judicial restraint militates against interlocutory review in this case, we decline to reach the parties' arguments on the merits in this matter. Accordingly, we ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Douglas

_____, J.          _____, J.
Cherry                               Saitta

_____, J.          _____, J.
Gibbons                              Pickering


cc:    Hon. James Todd Russell, District Judge
       NPRI Center for Justice and Constitutional Litigation
       Attorney General/Reno
       Attorney General/Las Vegas
       Legislative Counsel Bureau Legal Division
       Carson City Clerk

_____

[1]Because we deny the petition on the grounds that Little has an adequate remedy at law, we decline to reach a conclusion on the issue of taxpayer standing at this time. Should Little be unable to pursue his competitor standing case in the district court or if he loses on the merits, he may file a direct appeal and include taxpayer standing as an issue in that appeal. Nothing in this order should be construed as limiting Little's future appellate rights.