# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL ALAN LEE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DAVID BARKER,
Respondents,
  and
THE STATE OF NEVADA,
Real Party in Interest.

No. 84328

FILED

MAR 1 1 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER GRANTING IN PART PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus and/or prohibition challenges a district court order denying petitioner's motion to disqualify the entire Clark County District Attorney's Office.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty arising from an office, trust, or station, or to control a manifest abuse of or an arbitrary or capricious exercise of discretion. NRS 34.160; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011); *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A writ of prohibition is available to restrain a district court's proceedings that "are without or in excess of [its] jurisdiction." NRS 34.320. This court has discretion in determining whether to entertain a petition for extraordinary

relief. *See Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991).

Petitioner Michael Lee alleged his defense trial strategy was inadvertently disclosed to the prosecution and this disclosure created a conflict of interest that required the disqualification of the entire district attorney's office. The disclosure of the defense's trial strategy raises a strong indication of a possible Sixth Amendment violation, the remedy for which could be disqualification of some or all of the district attorney's office. *See Weatherford v. Bursey*, 429 U.S. 545, 554 (1977) (suggesting a Sixth Amendment violation is possible where the prosecution learns details of defense trial preparations); *United States v. Elbaz*, 396 F. Supp. 3d 583, 595 (D. Maryland 2019) (reviewing prosecution's inadvertent access to emails containing privileged materials relating to defendant's trial strategy for Sixth Amendment violation and finding no prejudice where the prosecutors who were to conduct the trial had not learned of the contents of the emails); *State v. Svoboda*, 180 N.E.3d 1277, 1295-96 (Ct. App. Ohio 2021) (recognizing that prosecutor's interception of defense trial strategy information could result in a Sixth Amendment violation, but finding no violation because appointment of special prosecutor neutralized any possible prejudice).

In its opposition to Lee's motion below, the State did not provide affidavits from anyone in the district attorney's office who received the privileged communication addressing (1) whether the office still had access to the privileged communication; (2) who, if anyone, in the office accessed the privileged communication; or (3) if anyone did access the privileged communication, what, if any, use the person(s) made of the privileged

SUPREME COURT
OF
NEVADA

(O) 1947A

2

communication.[1] Without this information, the district court could not resolve whether a Sixth Amendment violation may have occurred. An evidentiary hearing was necessary to resolve this issue. *State v. Bain*, 872 N.W.2d 777, 793 (Neb. 2016) ("[W]hen a court is presented with evidence that the State has become privy to a defendant's confidential trial strategy, it must sua sponte conduct an evidentiary hearing that requires the State to prove that the disclosure did not prejudice the defendant, and it must also give the defendant an opportunity to challenge the State's proof."). Additionally, an evidentiary hearing would have assisted in resolving Lee's assertion that a conflict exists that warrants disqualification of the entire district attorney's office under *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 321 P.3d 882 (2014).

Accordingly, we grant the petition in part and direct the clerk of this court to issue a writ of mandamus instructing the district court to vacate its order denying Lee's motion to disqualify the district attorney's office and to, before trial, conduct an evidentiary hearing on the matter to determine whether Lee was prejudiced by the inadvertent disclosure of his defense trial strategy. If the district court finds that no one accessed the confidential materials or no prejudice resulted, trial may proceed. If, however, the district court finds that Lee was prejudiced by the disclosure, the district court must, prior to trial, tailor a remedy to neutralize the Sixth Amendment violation, which may include disqualification of the entire

---

[1]Although the State has provided this court with an affidavit in its appendix to its response, the affidavit was not filed in the district court or considered by the district court when it made its decision. We therefore did not consider the affidavit when resolving this matter.

district attorney's office or any individuals within the office. *See U.S. v. Morrison*, 449 U.S. 361, 365 (1981).

It is so ORDERED.

_____, J.
Silver

_____, J.
Cadish

PICKERING, J., dissenting:

The district court did not abuse its discretion in denying petitioner's motion to disqualify the district attorney's office from this case. After receiving the petition, this court requested and reviewed the applications the district court clerk filed publicly, then sealed. They do not reveal information or strategy not otherwise part of the existing record in this case or that will not necessarily be revealed in the imminent pretrial hearing on Merridee Moshier's competence to testify. And even if they did, the district court clerk's public filing of them on Odyssey revealed their contents to the decedent's aunt, who is a witness in the case and whom the applications concern.[1]

---

[1] Neither in district court nor in the petition to this court did the defense request an evidentiary hearing. Whether this was a matter of strategy or waiver, mandamus does not lie to compel one. *Cf. Jensen v. Superior Court*, 279 Cal. Rptr. 3d 295, 300 (Ct. App. 2021) (holding a court does not abuse its discretion by not granting relief that was not requested).

This court does not superintend proceedings in district court by writ relief absent a manifest abuse of discretion or clear legal error. *Archon Corp. v. Eighth Judicial Dist. Court*, 133 Nev. 816, 819-20, 407 P.3d 702, 706 (2017). The petitioner, as the party seeking the extreme remedy of disqualification, bore the burden of demonstrating that the prosecutor and/or someone from that office viewed privileged or confidential documents, *see Merits Incentives, LLC v. Eighth Judicial Dist. Court*, 127 Nev. 689, 699, 262 P.3d 720, 726-27 (2011), and that the conflict stemming therefrom required disqualification of the entire prosecutor's office to ensure petitioner receive a fair trial. *State v. Eighth Jud. Dist. Ct. (Zogheib)*, 130 Nev. 158, 165, 321 P.3d 882, 886 (2014), *as modified* (Apr. 1, 2014) (when one member of the prosecutor's office has a disqualifying interest, "the appropriate inquiry is whether the conflict would render it unlikely that the defendant would receive a fair trial unless the entire prosecutor's office is disqualified from prosecuting the case").

This petition does not meet those demanding standards. For these reasons I would deny writ relief and respectfully dissent.

_____ *Pickering* ____, J.
Pickering

cc:    Chief Judge, The Eighth Judicial District Court
       Hon. David Barker, Senior Judge
       Nevada Defense Group
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk